Serial: **232938**

IN THE SUPREME COURT OF MISSISSIPPI

**FILED**

No. 89-R-99018-SCT

**SEP 2 4 2020**

*IN RE: RULES OF PROFESSIONAL CONDUCT*

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## ORDER

Before the Court is the Petition to Amend Certain Rules of the Mississippi Rules of Professional Conduct filed by the Mississippi Bar. After due consideration, the Court finds Rule 7.7 of the Mississippi Rules of Professional Conduct shall be amended as set forth in Exhibit A.

IT IS THEREFORE ORDERED that the Petition to Amend Certain Rules of the Mississippi Rules of Professional Conduct is hereby granted in part. Rule 7.7 of the Mississippi Rules of Professional Conduct is amended as set forth in Exhibit A effective immediately. The petition remains pending before the Court.

IT IS FURTHER ORDERED that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forward a true certified copy hereof to West Publishing Company for publication in the next edition of the *Mississippi Rules of Court* and in the *Southern Reporter, Third Series, (Mississippi Edition).*

SO ORDERED, this the /7ᵗʰ day of September, 2020.

LESLIE D. KING, PRESIDING JUSTICE

AGREE:   KITCHENS AND KING, P.JJ., CHAMBERLIN, GRIFFIS AND BEAM, JJ.

DISAGREE: RANDOLPH, C.J., COLEMAN, MAXWELL AND ISHEE, JJ.

# EXHIBIT A

## Rule 7.7. Firm Names and Letterheads

**(a)** A lawyer shall not use a firm name, letterhead, or other professional designation that violates Rule 7.1. A trade name may be used by a lawyer in private practice if it does not imply a connection with a government agency or with a public or charitable legal services organization and is not otherwise in violation of Rule 7.1.

**(b)** ~~A lawyer shall not practice under a trade or fictitious name or a name that is misleading as to the identity of the lawyer or lawyers practicing under such name.~~ A lawyer in private practice may use the term "legal clinic" or "legal services" in conjunction with the lawyer's own name if the lawyer's practice is devoted to providing routine legal services for fees that are lower than the prevailing rate in the legal community for those services.

**(c)** A law firm with offices in more than one jurisdiction may use the same name in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office is located.

**(d)** The name of a lawyer holding a public office shall not be used in the name of a law firm, or in communications on its behalf, during any substantial period in which the lawyer is not actively and regularly practicing with the firm except as permitted by Rule 1.17.

**(e)** Lawyers may state or imply that they practice in a partnership or to other organization only when that is the fact except as permitted by Rule 1.17.

### Comment

[1] A firm may be designated by the name of all or some of its members, or by the names of deceased members where there has been a continuing succession in the firm's identity. The United States Supreme Court has held that legislation may prohibit the use of trade names in professional practice. It may be observed that any firm name including the name of a deceased partner is, strictly speaking, a trade name. The use of such names to designate law firms has proven a useful means of identification. However, it is misleading to use the name of a lawyer not associated with the firm or a predecessor of the firm.

[2] Paragraph (a) precludes use in a law firm name of terms that imply that the firm is something other than a private law firm. Two examples of such terms are "academy" and "institute". Paragraph (~~b~~a) also precludes use of a trade or fictitious name suggesting that the firm is named for a person when in fact such a person does not exist or is not associated with the firm. Under Paragraph (b), ~~A~~although not prohibited per se, the terms "legal clinic" and "legal services" would be misleading

2

if used by a law firm that did not devote its practice to providing routine legal services at prices below those prevailing in the legal community for like services.

With regard to paragraph (c), lawyers sharing office facilities, but who are not in fact partners, may not denominate themselves as, for example, "Smith and Jones", for that title suggests partnership in the practice of law.